UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY LALTOO,

    Petitioner,

v.                                            CASE NO. 6:05-cv-466-Orl-18KRS

JAMES CROSBY, et al.,

    Respondents.
_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition (Doc. No. 6), and Petitioner filed a reply and an amended reply (Doc. Nos. 9 & 11) to the response.

Petitioner alleges three claims for relief, articulated as follows:

1. Petitioner contends that he is within the one year and ninety day timeframe allowed to file a federal habeas petition.

2. "The state court erred in denying Petitioner's claim of unconstitutional trial because of a self-admittant [sic] juror's prejudice/bias, allowed to partake in jury trial."

3. "The state court erred by prohibiting newly discovered evidence from being reviewed void [sic] evidentiary hearing; prohibiting Petitioner guaranteed due process of law and equal protection of the law that may prove Petitioner's innocence and violation of fair and just trial."

*Procedural History*

Petitioner was charged by indictment with first degree murder and grand theft. After a jury trial, he was found guilty of both counts and sentenced to life in prison on the

murder charge and a concurrent five-year term of imprisonment as to the grand theft charge. The Florida Fifth District Court of Appeal *per curiam* affirmed Petitioner's convictions and sentences. *Laltoo v. State*, 812 So. 2d 430 (Fla. 5th DCA 2002).

Petitioner filed a Florida Rule of Criminal Procedure 3.800(a) motion to correct his sentence, which the state trial court denied. The appellate court *per curiam* affirmed the denial. *Laltoo v. State*, 848 So. 2d 338 (Fla. 5th DCA 2003).

Petitioner next filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, which the state trial court denied. The appellate court *per curiam* affirmed the denial. *Laltoo v. State*, 892 So. 2d 1055 (Fla. 5th DCA 2005).

*Claim One*

In his first ground, Petitioner does not assert any basis for relief from his convictions or sentences. Instead, the first claim merely asserts that the instant petition was timely filed. The State does not dispute this contention. *See* Doc. No. 6 at 5. Therefore, this claim is denied.

*Claim Two*

Petitioner contends that the state courts erred in denying his claim that his trial was unconstitutional "because of a self-admittant juror's prejudice/bias, allowed to partake in jury trial." (Doc. No. at 6.) According to Petitioner juror Zorn indicated during voir dire that she felt a defendant who did not take the stand admits a level of guilt. Despite such statements, she was seated on the jury. Because he did not testify at his trial, Petitioner argues that juror Zorn's prejudice rendered his trial unfair and unconstitutional.

In addition, Petitioner states that after the selection of the jury, the trial judge asked him if he was satisfied with the jury. Petitioner responded affirmatively, but now argues that his response was not made intelligently and that his counsel should have objected to the inquiry.

To the extent that Petitioner is raising a substantive claim regarding the propriety of seating Ms. Zorn on the jury, such a claim was never raised in the state courts. The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[1] or (2) are not exhausted but would clearly be barred if returned to state court.[2] Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, the federal courts may not address claims that have not been presented in the state court if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).[3]

---

[1] *Harris v. Reed*, 489 U.S. 255 (1989).

[2] *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment 'clearly and expressly' state that its judgment rests on a procedural bar.").

[3] Also, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v.*

3

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Conner*, 404 U.S. 270, 275-76 (1971)) (internal quotation marks omitted). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998). The United States Supreme Court has observed that "Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Furthermore, the Court explained that

> [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court. Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

*Id.; see also Henderson v. Campbell*, 353 F.3d 880, 898 n.25 (11th Cir. 2003) ("Both the legal theory and the facts on which the federal claim rests must be substantially the same for it to be the substantial equivalent of the properly exhausted claim.").

Because the substantive juror claim was not raised in the state courts, it has not been exhausted. Furthermore, it is obvious that this unexhausted federal claim would be procedurally barred if now raised in the state court. Accordingly, the substantive juror component of claim two appears to be procedurally barred in this Court.

---

*Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994).

4

However, there are two exceptions to the procedural default bar. First, a petitioner may overcome a procedural default by showing "both 'cause' for the default and actual 'prejudice' resulting from the default." *Henderson*, 353 F.3d at 892. The second exception, known as the "fundamental miscarriage of justice," only "occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.* In the present case, Petitioner has neither alleged nor shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception. A review of the record reveals that the Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, the substantive juror component of claim two is procedurally barred.

To the extent that Petitioner argues that his trial counsel was ineffective for failing to strike juror Zorn, such a claim was raised and rejected in his Rule 3.850 motion.[4] *See* App. E at 3-12, 56. The denial was *per curiam* affirmed on appeal. *Id.* at 72.

Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[4]To the extent that Petitioner raises any other ground for ineffective assistance of counsel, this Court finds that such a claim is procedurally barred for failure to present it to the state courts. Petitioner has shown neither cause and prejudice nor fundamental miscarriage of justice to over come the procedural bar.

5

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also Schwab v. Crosby*, 451 F.3d 1308, 1324 (11th Cir. 2006) (stating that the federal law relevant to this analysis is the United States Supreme Court precedent "in existence at the time the conviction became final"), *cert. denied*, 127 S.Ct. 1126 (2007).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005), *cert. denied*, 127 S.Ct. 348 (2006). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

6

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

In denying the claim, the state trial court applied the long recognized standard for evaluating claims of ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Thus, the "clearly established Federal law" component of § 2254(d) is satisfied.

Furthermore, this Court agrees with the assessment of the state courts. The state trial court found that "[w]hile the juror did state that she had some reservations about the Defendant's potential failure to testify, she stated that she could set aside her opinion on why a person would not testify in their defense. Additionally, the Defendant, who was present during the jury questioning, was asked whether the jury as selected was acceptable. The Defendant, if he was in doubt about this particular juror, should have objected at that point. Instead, he accepted the jury as selected." (App. E at 56.)

Given that the state court's resolution of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law and Petitioner has not impugned that court's factual findings, § 2254(d) precludes this Court from granting relief on the ineffective assistance of counsel portion of claim two.

*Claim Three*

Petitioner argues that the state court erred by prohibiting newly discovered evidence from being reviewed. According to Petitioner, F.D.L.E. lab analyst John Fitzpatrick testified at trial as an expert regarding DNA and blood analysis. Less than a year after the trial, Mr. Fitzpatrick was found to have switched DNA samples and altered data in connection with another case. Mr. Fitzpatrick ultimately resigned his employment with the F.D.L.E. Because he was found to have mishandled evidence in another case, Petitioner argues that Mr. Fitzpatrick's involvement in his case necessarily undermines his conviction.

Petitioner raised this claim in his Rule 3.850 motion. The state trial court noted that Petitioner's trial took place between March 26 and 31, 2001, and the DNA tests in his case were conducted in April of 1999. (App. E at 57.) The irregularities leading to Mr. Fitzpatrick's resignation occurred between December, 2001, and January, 2002. Thus, the trial court found that no evidence, only speculation, supported the contention that the tests performed three years prior to the irregularities were in any manner tainted. *Id.* In addition, the trial court noted that a large number of Mr. Fitzpatrick's cases were reviewed, but no material issues were identified. *Id.*

Petitioner has not demonstrated that the state court's resolution of the claim was contrary to, or an unreasonable application of, clearly established federal law. Nor has he impugned the factual findings of the state court. This Court agrees that this claim is

premised on sheer speculation, which is insufficient to support relief. Claim three must be denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. This case is **DISMISSED WITH PREJUDICE**.

2. **The Clerk of the Court shall enter judgment accordingly and is directed to close this case.**

**DONE AND ORDERED** at Orlando, Florida, this 5 day of March, 2008.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
sa 3/3
Anthony Laltoo
Counsel of Record

9